# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CHARLES OWEN WILLIAMS,**

        **Plaintiff,**

-vs-                                      Case No. 6:06-cv-1540-Orl-28KRS

**CARMEN MARIE LYNCH, SID PETERSON, JR., J. DAVID WALSH, HONORABLE ROBERT K. ROUSE, JR., SEVENTH JUDICIAL CIRCUIT COURT OF VOLUSIA COUNTY, FLORIDA, BOARD OF DIRECTORS, OCEANIA PLAZA CONDOMINIUM OWNERS ASSOCIATION, GARY WITT, AGENTS AND ASSIGNS, HEIRS, SPOUSES, UNKNOWN JOHN AND JANE DOES ,**

        **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES (Doc. No. 6)**
>
> **FILED:** **October 23, 2006**

    On October 2, 2006, Plaintiff Charles Owen Williams filed a complaint seeking to remove a Florida State Court action against Carmen Marie Lynch, Sid Peterson Jr., Judge J. David Walsh, Judge Robert K. Rouse Jr., the Seventh Judicial Circuit Court of Volusia County, Florida, Oceania

Plaza Condominium Owners Association Board of Directors, Gary Witt, agents and assigns, heirs, spouses, and unknown John and Jane Does.  Doc. No. 1.  Williams subsequently filed an amended complaint on that same day.  Doc. No. 2.  Williams also filed an application under 28 U.S.C. § 1915 to proceed without prepayment of fees.  Doc. No. 6.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court is required to consider whether Williams' complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See also* Local Rule 4.07; *Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) (Lay, J., concurring) ("Section 1915(e) applies to all [*in forma pauperis*] litigants – prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories.").

**I.     STANDARD OF REVIEW.**

The United States Court of Appeals for the Eleventh Circuit applies the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) to dismissals for failure to state a claim on which relief may be granted under section 1915(e)(2)(B).  Under this standard, a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  "In evaluating the sufficiency of a complaint under Rule 12(b)(6), courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief[.]'"  *United States v. Baxter Int'l, Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (quoting Fed. R. Civ. P. (8)(a)).

In addition, it is well established that "[*p*]*ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."

*Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).  Nevertheless, it is not the Court's duty to re-write a plaintiff's complaint so as to bring it into compliance with the Federal Rules of Civil Procedure.  *See Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993); *see also Olsen v. Lane*, 832 F. Supp. 1525, 1527 (M.D. Fla. 1993) ("[P]*ro se* litigant[s] must still meet minimal pleading standards.").

## II.     ANALYSIS.

While difficult to follow, Williams' complaint seeks to remove a Florida State Court action against a number of defendants relating to the transfer of a condominium from himself to Defendant Carmen Marrie Lynch.  In numbered paragraphs with little factual support for his allegations, he asserts claims against Lynch for fraud, breach of contract, theft, unjust enrichment, criminal use of hypnosis, and violations of Florida's real estate statutes and condominium statutes.  As to Defendants Judge J. David Walsh, Judge Robert K. Rouse Jr., and the Seventh Judicial Circuit Court of Volusia County Florida, Williams alleges that the aforementioned defendants did not allow him sufficient time to serve process on Lynch.  Williams also alleges a claim for "Improper Judicial Administration" against these defendants for issuing a temporary injunction for protection against him.

With regard to Defendant Sid Peterson, Williams alleges a claim against him for breach of fiduciary duties and conflict of interest for representing Lynch at an eviction proceeding.  Williams alleges that Defendant Oceania Plaza Condominium Owners Association Board of Directors violated a Florida Statute by allowing his interest in a condominium to transfer to Lynch.  It is unclear what, if any, claims Williams asserts against Defendants Gary Witt, agent and assigns, heirs, spouses and unknown John and Jane Does.  Doc. No. 2 at 4-13.

In seeking to remove his state court action, Williams failed to comply with the procedural requirements of 28 U.S.C. § 1446 and Middle District of Florida Local Rule 4.02.  Section 1446 requires that:

> A defendant . . . desiring to remove any civil action . . . from a State Court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant . . . in such action.

As such, the parties to the state court case have not received proper notice of the attempted removal or an opportunity to respond to it.  Accordingly, I respectfully recommend that the Amended Complaint be dismissed without prejudice, and that the motion for leave to proceed *in forma pauperis*, doc. no. 6, be denied without prejudice.  Williams should be given leave to file a second amended complaint that complies with the procedural requirements for removing a state court action to a federal district court.

Should Williams choose to file a second amended complaint, he must follow the pleadings requirements of this Court.  In order to state a claim that is cognizable in federal court, Williams must state a claim, based on fact and law, that falls under the federal court's jurisdiction.

To state a claim based on a federal question, Williams must include in his second amended complaint a description of actions taken by the defendant that allegedly violate the "Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  Williams must identify the specific provision of the Constitution, federal law, or treaty that was violated.  He must then explain the actions taken by the defendant that allegedly violated the cited provision and describe how he was

harmed by the defendant's actions.  Williams must also identify the defendant with reasonable specificity by providing the defendant's complete name and address.

To state a claim based on diversity jurisdiction, Williams must allege that he and the defendant are citizens of different states.  A corporation is "a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." *Vareka Invs., N.V. v. American Inv. Props., Inc.*, 724 F.2d 907, 909 (11th Cir.1984) (quoting 28 U.S.C. § 1332(c)(1)).  As with any claim, Williams must provide the complete name and address of the defendant.  He also must state in his second amended complaint the facts upon which he believes the defendant violated a law and the way in which the violation harmed him.

Williams should also be aware that he can not bring private causes of actions for criminal violations.  *See Laurent v. U.S. Trustee*, No. 04-22471-CV-AJ, 2006 WL 1995598, at *1 (11th Cir. July 14, 2006)(upholding the district court's dismissal of a complaint containing "criminal claims for which there was no private cause of action").  Consequently, if a second amended complaint is filed, it should not contain claims for criminal violations.

## III.    RECOMMENDATION.

Based on the foregoing, I respectfully recommend that the amended complaint filed in this action, doc. no. 2., be **dismissed without prejudice**, and that the motion to proceed *in forma pauperis*, doc. no. 6, be **denied without prejudice**.  I further recommend that the Court give the

plaintiff eleven days from the date of the ruling on this Report and Recommendation to file a second amended complaint and a renewed motion to proceed without payment of fees.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on November 14, 2006.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy