# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CHARLES OWEN WILLIAMS,**

        **Plaintiff,**

-vs-                                    **Case No.  6:06-cv-1540-Orl-28KRS**

**CARMEN MARIE LYNCH, SID PETERSON, JR.,  J. DAVID WALSH, HONORABLE ROBERT K. ROUSE, JR., SEVENTH JUDICIAL CIRCUIT COURT OF VOLUSIA COUNTY, FLORIDA, BOARD OF DIRECTORS, OCEANIA PLAZA CONDOMINIUM OWNERS ASSOCIATION, GARY WITT,  AGENTS AND  ASSIGNS, HEIRS, SPOUSES, UNKNOWN JOHN AND JANE DOES ,**

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**     **AFFIDAVIT ACCOMPANYING MOTION FOR PERMISSION TO APPEAL IN FORMA PAUPERIS (Doc. No. 22)**
>
> **FILED:**     **July 9, 2007**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

On April 12, 2007, the Court entered an order dismissing Plaintiff Charles Owen Williams' case without prejudice for failure timely to file a Second Amended Complaint, failure to pay the filing fee or file a renewed motion to proceed without payment of fees, and for not correcting the deficiencies set out in the Report and Recommendation pertaining to Williams' motion to proceed *in forma pauperis.* Doc. No. 16. Williams subsequently filed a Notice of Appeal and motion for reconsideration on May 14, 2007, seeking review of the Court's order dismissing the case without prejudice. Doc. No. 17. After Williams' motion for reconsideration was denied, doc. no. 18, Williams filed a second Notice of Appeal, challenging the Court's order denying his motion for reconsideration and the Court's order dated April 26, 2007. Doc. No. 20. The Court did not enter any orders dated April 26, 2007. Presumably, Williams is again challenging the Court's order dismissing the case.

On June 11, 2007, the United States Court of Appeals for the Eleventh Circuit dismissed Williams' first appeal for want of prosecution because Williams failed to pay the docketing and filing fees. Do. No. 21. Thereafter, Williams filed the present motion seeking to proceed *in forma pauperis* on appeal. Doc. No. 22.

Pursuant to 28 U.S.C. § 1915(e), "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." Additionally, an application to appeal *in forma pauperis* may be denied "if it appears – objectively – that the appeal cannot succeed as a matter of law." *DeSantis v. United Technologies Corp.*, 15 F. Supp. 2d 1285, 1289 (M.D. Fla. 1998), *aff'd without opinion*, 193 F.3d 522 (11th Cir. 1999).

In the present action, Williams' motion to proceed *in forma pauperis* is only applicable to Williams' second Notice of Appeal, as the first notice was dismissed before the motion to proceed

*in forma pauperis* was filed. Accordingly, Williams' second Notice of Appeal must be analyzed to determine whether it is brought in good faith.

Williams first seeks review of the Court's order denying his motion for reconsideration. Courts in the Eleventh Circuit have held that a motion for reconsideration should only be brought in "certain limited situations, namely the discovery of new evidence, an intervening development or change in the controlling law, or the need to correct a clear error or prevent a manifest injustice." *Preserve Endangered Areas of Cobb's History, Inc v. U.S. Army Corps of Eng'rs*, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995). In his motion for reconsideration, Williams cited the United States Constitution, statutes, cases, and treaties for the proposition that a court can reconsider a dismissal order and for a number of other legal theories. Doc. No. 17. However, Williams did not provide any reasons as to why the Court should reconsider the order dismissing his case. Williams' motion did not contend that he had discovered new evidence, that the law had changed, or that the Court needed to correct a clear error. He did not provide any justification for failing to pay the filing fee or for failing to address the issues raised in the Report and Recommendation dismissing his motion to proceed *in forma pauperis*. Consequently, the Court denied Williams' motion for reconsideration.

In his notice appealing the order denying his motion for reconsideration, Williams again provides no justification as to why the dismissal order should be reconsidered. Instead, Williams provides three pages of quotes and citations to various sources, none of which appear to address why the Court should reconsider its dismissal order. Additionally, "[t]he grant or denial of a motion to reconsider is left to the discretion of the district court." *Gougler v. Sirius Prod., Inc.*, 370 F. Supp. 2d 1185, 1189 (S.D. Ala. 2005). Williams' Notice of Appeal fails to provide any reason that the Court's order denying his motion for reconsideration should be overturned as an abuse of discretion.

Accordingly, Williams' appeal of the Court's order denying his motion for reconsideration is meritless.

Williams' Notice of Appeal next seeks review of the Court's order dated April 26, 2007. To the extent that Williams' second Notice of Appeal seeks review of the dismissal order, it is untimely. Federal Rule of Appellate Procedure 4(a)(1)(A) requires a notice of appeal to "be filed with the district clerk within 30 days after the judgment or order appealed from is entered."  Rule 4(a)(4)(A) provides that a motion to reconsider under Federal Rule of Civil Procedure 60 tolls the time to file a notice of appeal until after the Court rules on the motion; however, such motion to reconsider must be filed "no later than 10 days after" the court enters the order being reconsidered. In the present action, the Court entered the dismissal order on April 12, 2007, and Williams filed his motion for reconsideration on May 14, 2007. As more than ten days had passed since the Court entered the dismissal order and the filing of the motion to reconsider, Williams' Notice of Appeal concerning the dismissal order is untimely. Accordingly, Williams' appeal of the dismissal order is also meritless.

Because Williams' Notice of Appeal cannot succeed as a matter of law, I respectfully recommend that the motion be **DENIED**, and that the Court **CERTIFY** that the appeal is not taken in good faith. The Clerk of Court should serve a copy of the Court's ruling on this Report and

Recommendation on the Clerk of the Court for the United States Court of Appeals for the Eleventh Circuit.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on July 25, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy